IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER TWUMASI-ANKRAH ) | CASE NO. 1:19 CV 204 |
| ) | |
| ) | JUDGE DONALD C. NUGENT |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| CHECKR, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Motion of Defendant Checkr, Inc., ("Checkr") to Dismiss the Amended Complaint. (ECF #23). For the reasons that follow, Defendant's Motion to Dismiss is granted.

**Factual and Procedural Background**

Plaintiff Christopher Twumasi-Ankrah brings this action against Defendant Checkr, a consumer reporting agency, for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. See Amended Complaint (ECF #20) Plaintiff alleges that he was a driver for Uber and that Uber submitted his name to Defendant and requested that Checkr provide a routine background screening report. (ECF #20, ¶¶ 6,8) Checkr performed the background screening, which included Plaintiff's driving history abstract provided by the Ohio Bureau of Motor Vehicles ("BMV"). The driving history provided by the BMV included three accidents that

Plaintiff was allegedly involved in on October 23, 2015, December 19, 2015 and February 17, 2017. As Checkr was allegedly aware, the BMV includes in its driving history abstracts of all accidents that a driver was involved in, regardless of fault.(Id. ¶¶ 11) Checkr did not undertake any further measures to determine whether Plaintiff was at fault in any of the three accidents and furnished a Report to Uber that showed Plaintiff was involved in the three accidents without indicating whether he was at fault. (Id. ¶¶ 12-13) Upon receiving the Report from Checkr, Uber terminated Plaintiff's contract due to the accidents contained in the Report. Plaintiff believes that Uber terminated the contract because it assumed Plaintiff was at fault in all of the accidents reported by Checkr. (Id. ¶¶ 18-19)

Plaintiff asserts that he was not at fault in at least two of the accidents, the December 19, 2015 and the February 17, 2017 accidents. Plaintiff was found not guilty to the charges against him in the December 19, 2015 accident and was the victim of a hit-and-run in the February 17, 2017 accident. Plaintiff submitted the Court's Order finding him not guilty with respect to the December 2015 accident and the Police Crash Report regarding the February 17, 2017 accident to Checkr to dispute the accuracy of the report that it provided to Uber. In response to Plaintiff's dispute, Checkr responded that the original report was accurate and refused to supplement or amend the report. (Id. ¶¶20-25, 27-28)

Plaintiff alleges Checkr failed to take any steps to determine whether Plaintiff was at fault in any of the accidents listed in the BMV driving abstract and thus failed to verify that all material information regarding the accidents was included in Plaintiff's report before furnishing it to Uber. (Id. ¶32) As such, Plaintiff asserts that Checkr has violated the Fair Credit Reporting Act's requirement that a consumer reporting agency "must follow reasonable procedures to

assure maximum possible accuracy of information concerning the individual about whom the report relates." (Id. ¶ 36-37).

Defendant now moves to dismiss the Plaintiff's Claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff has filed a brief in opposition and Defendant has filed a reply brief in support.

## Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000). In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing that the Supreme Court

"disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001); *Bowers vo Wynne*, 615 F.3d 455, 470 (6th Cir. 2010)(courts may take judicial notice of "administrative agency policy statements and filings with those agencies.").

**Discussion**

Plaintiff's Amended Complaint asserts a single violation of § 1681e(b) of the FCRA. In order to state a claim for a violation § 1681e(b), a plaintiff must plead facts sufficient to establish the following four elements:

> (1) the defendant reported inaccurate information about the plaintiff;
> (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff;
> (3) the plaintiff was injured; and
> (4) the defendant's conduct was the proximate cause of the plaintiff's injury.

*Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004) (citations omitted.)

In this case, Defendant argues that Plaintiff fails to meet the first element of the test because the Report Checkr prepared on Plaintiff was accurate. Specifically, Defendant's Report on Plaintiff contained the driving history abstract provided by the Ohio BMV which reported

that Plaintiff had been involved in three accidents. Plaintiff does not dispute that he was involved in the three accidents. Defendant's Report did not provide information on who was at fault in the three accidents which is consistent with the Ohio BMV's policy of only providing information on individuals involved in accidents and not attributing fault. See Ohio BMV Website: *http://www.ohio.gov/more-crashreports.aspx.*

Plaintiff argues that Defendant's failure to further investigate each accident to determine if Plaintiff was at fault for any of the accidents made its Report misleading and thus inaccurate. However, the Sixth Circuit applies a "technical accuracy" standard for § 1681e(b) claims. *Turner v. Experian Information Solutions, Inc.*, Case No. 3:16 CV 630, 2017 WL 2832728 at *4, (N.D. Ohio June 30, 2017) "Under this standard, information is accurate if it is factually correct, even if it could be 'misleading or incomplete in some respect.' *Id. quoting Dickens v. Trans Union Corps.*, 18 Fed.Appx. 315, 318 (6th Cir. 2001). The Sixth Circuit affirmed the district court confirming that "[i]nformation that is technically accurate, though perhaps misleading or incomplete, is not inaccurate within the meaning of § 1681e(b)." *Turner v. Experian Information Solutions, Inc.*, No. 17-3795, 2018 WL 3648282 at *3 (6th Cir. Mar. 1, 2018).

Plaintiff contends that some courts in the Sixth Circuit have applied a different test for accuracy–"a report is misleading when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Poore v. Sterling Testing Sys., Inc.*, 410 F.Supp.2d 557, 570 (E.D. Ky 2006) *citing Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). Beyond the fact that the district court in *Poore* cited a Fourth Circuit case for the purported accuracy test, the report at issue contained a criminal record that did not belong to the plaintiff. Thus, unlike the situation here, the report was

inaccurate.

In any event, it is clear that the Sixth Circuit has adopted the technical accuracy standard for claims under § 1681e(b). Last month, another district court in the Sixth Circuit dismissed a plaintiff's § 1681e(b) claim, rejecting the argument that Plaintiff makes here:

> Plaintiff argues that information is technically inaccurate if it misleading, but that is not the law of this circuit. *Spence,* 92 F.3d at 382; *Dickens v. Trans Union Corp.*, 18 F. App'x 315, 318 (6th Cir. 2001) ("In maintaining that the credit report was so misleading as to be inaccurate within the meaning of § 1681e(b), Dickens urges us to reject the 'technical accuracy' approach adopted in *Spence* and *Cahlin*. We decline to do so."); *Turner v. Experian Info. Sols., Inc.*, No. 17-3795, 2018 WL 3648282, at *3 (6th Cir. Mar. 1, 2018) ("Information that is technically accurate, though perhaps misleading or incomplete, is not inaccurate within the meaning of § 1681e(b).").

*Butt v. FD Holdings, LLC*, No. 18-CV-13641, 2019 WL 2387111, at *5 (E.D. Mich. June 6, 2019).

Based upon the clear precedent of the Sixth Circuit, the Court must apply the "technical accuracy" test here. Plaintiff does not allege that he was not involved in the three accidents reported by the Ohio BMV and included in the Report prepared by Checkr. Neither the BMV driver abstract nor the Checkr Report includes any reference to fault in any of the accidents and makes no representations regarding fault. While Plaintiff believes that Defendant's Report should have been more complete , the information actually contained in the Report is accurate and meets the "technical accuracy" standard. Accordingly, Plaintiff has not alleged facts sufficient to establish that the Report is inaccurate. As such, Plaintiff fails to state a claim under § 1681e(b) of the Fair Credit Reporting Act.

## Conclusion

For the reasons stated above, Defendant's Motion to Dismiss the Amended Complaint (ECF #23) is granted.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 19, 2019