## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| **Christopher Twumasi-Ankrah**<br>**4197 W 20th Street**<br>**Cleveland, OH 44109**<br><br>  **Plaintiff,**<br> **v.**<br><br><br><br>**Checkr, Inc.**<br>**1 Montgomery Street**<br>**San Francisco, CA 94104**<br><br>  **Defendant.** | : **CASE NO.:  1:19-cv-00204**<br>:<br>:<br>: **Judge Donald C. Nugent**<br>:<br>:<br>:<br>: **SECOND AMENDED COMPLAINT**<br>:<br>:<br>:<br>: **A Trial by the Maximum Number of Jurors**<br>: **is hereby Demanded**<br>:<br>:<br>: |

For this Second Amended Complaint, Plaintiff, Christopher Twumasi-Ankrah, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.     Plaintiff, Christopher Twumasi-Ankrah (hereafter "Plaintiff"), is an adult individual whose residence is in Cleveland, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

5.      Defendant, Checkr, Inc. ("Checkr"), is a California business entity with an address of 1 Montgomery Street, San Francisco, California 94104. Checkr is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u).  Checkr is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6.      Plaintiff was a driver for the on-demand transportation company Uber.

7.      Plaintiff relied on Uber to provide income.

8.      Uber submitted Plaintiff's information to Checkr and requested that Checkr provide a routine background screening report.

9.      Checkr performed the background screening, which included requesting Plaintiff's driving history abstract from the Ohio Bureau of Motor Vehicles ("Ohio BMV").

10.     The driving history abstract provided by the Ohio BMV included three accidents that Plaintiff was allegedly involved in on the following dates:  October 23, 2015; December 19, 2015; and February 17, 2017.

11.     Checkr was aware that the Ohio BMV includes in its driving history abstracts all accidents that a driver is involved in, regardless of fault.

12.     Checkr also knew, or had to have known, that with respect to driving abstracts the Ohio BMV also has the following policy:

> By statute, accident reports appear on the driving record for each driver and vehicle owner involved in a crash. The Bureau does not determine which driver is at fault. Under normal circumstances, a moving violation conviction carrying the same date as the accident report will imply fault in the crash. The lack of a conviction would, therefore, imply that the driver was not at fault.

(http://publicsafety.ohio.gov/links/bmv3344.pdf (emphasis added)).

13.     Nonetheless, Checkr did not indicate on the Report that it provided to Uber that the lack of a conviction in Plaintiff's driving history implied that he was not at fault in two of the three accidents.

14.     Checkr did not undertake any measures – such as reviewing the driving history abstract already in its possession to determine whether plaintiff had a moving violation conviction, and thus whether he was at fault, in any of the accidents; requesting additional information from the Ohio BMV; or requesting court records or police reports – to determine whether Plaintiff was at fault in any of the three accidents.

15.     Instead, it furnished a report ("Report") to Uber that showed Plaintiff was involved in the three accidents without indicating whether he was at fault.

16.     A true and accurate copy of the Report that Checkr submitted to Uber is attached hereto as Exhibit 1.

17.     Because Plaintiff's fault in the accidents could be easily deduced by whether there were any convictions reported on the driver abstract, the Report did not accurately reflect the information Checkr received from the Ohio BMV.

18.     It is reasonable for Uber to assume that, if a consumer reporting agency like Checkr reports that a driver was involved in an accident, the driver was at fault in that accident.

19.     Whether a driver is at fault in an accident is material to Uber's decision whether to renew or terminate that driver's contract.

20.     Whether a driver is at fault in an accident is a material fact that must be included with a report provided by Checkr.

21.     Upon receiving the Report from Checkr, Uber terminated Plaintiff's contract due to the accidents contained in the Report.

22.     Upon information and belief, Uber terminated Plaintiff's contract because it interpreted the Report to mean that Plaintiff was or may have been at fault in all of the accidents reported by Checkr.

23.     However, Plaintiff was not at fault in at least two of the accidents – the December 19, 2015 accident and the February 17, 2017 accident.

24.     Plaintiff pled not guilty to the charges against him resulting from the December 19, 2015 accident, and after trial of the matter, the court found Plaintiff not guilty.

25.     A true and correct copy of the court's order finding Plaintiff not guilty in the December 19, 2015 accident is attached hereto as Exhibit 2.

26.     The court's order attached as Exhibit 2 incorrectly notes that Plaintiff entered a plea of not guilty on December 2, 2015 (which was before the December 19, 2015 accident).  In fact, Plaintiff appeared and entered his not-guilty plea on December 28, 2015.  See Public Docket Information attached hereto as Exhibit 3.

27.     In the February 17, 2017 accident, Plaintiff was the victim of a hit-and-run in which he was rear-ended while stopped at a traffic light and was, therefore, not at fault in that accident either.

28.     A true and correct copy of the Police Traffic Crash Report showing that Plaintiff was a victim of a hit-and-run rear ending in the February 17, 2017 accident is attached hereto as Exhibit 4.

29.     Upon information and belief, had Uber understood that Plaintiff was not at fault in two of the accidents, Uber would not have terminated Plaintiff.

30.     Had Checkr taken any reasonable measures to assure the maximum possible accuracy of its Report, such as reviewing the driving history abstract already in its possession to determine whether plaintiff had a moving violation conviction, and thus whether he was at fault, in any of the accidents; requesting additional information from the Ohio BMV; or requesting court records or police reports, it would have determined that Plaintiff was not at fault in two of the accidents.

31.     Indeed, Plaintiff disputed the accuracy of the Report with Checkr and submitted the documents attached hereto as Exhibits 2 and 4 in support of that dispute.

32.     Upon receiving the dispute, Checkr was obligated to reinvestigate the accuracy of the Report and, in so doing, to acquire and review additional information beyond the Ohio BMV's driving history abstract to determine whether the Report was accurate.

33.     Checkr failed to conduct any reinvestigation into the accuracy of its Report.

34.     Specifically, Checkr again failed to review the driving history abstract already in its possession to determine whether plaintiff had a moving violation conviction, and thus whether he was at fault, in any of the accidents; to request additional information from the Ohio BMV; or to request court records or police reports, to determine whether Plaintiff was at fault in any of the three accidents.

35.     Further, Checkr failed to include in its Report and submit to Uber the documents Plaintiff provided with his dispute, which proved he was not at fault in two of the accidents.

36.     Instead, Checkr responded to Plaintiff that the original Report was accurate and refused to supplement or amend the Report that it had submitted to Uber.

37.     By reporting the accidents without indicating that Plaintiff was not at fault – which can reasonably be inferred to indicate that Plaintiff <u>was</u> at fault – Checkr's Report was so misleading as to be inaccurate.

38.     The inaccurate Report contained damaging information to Plaintiff's character and reputation.  Specifically, the Report provided that Plaintiff was involved in two accidents – which can reasonably be inferred to mean that Plaintiff <u>was</u> at fault – but failed to specify that he was not at fault in those accidents.

39.     Plaintiff has suffered actual damages in the form of loss of employment, lost wages, and harm to reputation.

40.      Plaintiff has additionally suffered actual damages in the form of emotional distress, in that the loss of his job and source of income, harm to his reputation, and the frustration and inconvenience of disputing the inaccurate Report and Checkr's subsequent refusal to correct it caused Plaintiff to suffer anxiety, stress, frustration, embarrassment and humiliation.

41.     Checkr failed to take any steps to verify that all material information regarding the accidents was included in Plaintiff's Report before furnishing it to Uber.

42.     The Report that Checkr submitted to Uber was so misleading as to be inaccurate.

43.      At all times pertinent hereto, the conduct of Checkr, as well as that of its agents, servants and/or employees – who are well aware of their obligations under the FCRA – was objectively unreasonable, intentional, willful, reckless, and in grossly negligent disregard of federal law.

<u>**COUNT I**</u>
<u>**(Violations of the Fair Credit Reporting Act)**</u>
<u>**(15 U.S.C. § 1681, et seq.)**</u>

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

46.     Defendant violated § 1681e(b) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its Report and by failing to verify the accuracy of the information contained in its Report.

47.     15 U.S.C. § 1681i(a) provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

48.     Defendant violated § 1681i(a) by failing to conduct a reasonable investigation after Plaintiff submitted the dispute, including by failing (a) to review the driving history abstract already in its possession to determine whether plaintiff had a moving violation conviction, and thus whether he was at fault, in any of the accidents; (b) to request additional information from the Ohio BMV; (c) to request court records or police reports; or (d) to take into consideration the documents Plaintiff provided with his dispute, which proved he was not at fault in two of the accidents.  Had it done any of these things, Defendant would have discovered that Plaintiff was not at fault in two of the accidents included in the Report.

49.     Checkr further violated § 1681i(a) by failing to record the current status of

Plaintiff's Report as disputed or to delete the accidents at issue from the Report.

50.    These failures directly caused the denial of Plaintiff's employment with Uber, which has damaged Plaintiff.

51.    As a result of Defendant's violations of §§ 1681e(b) and 1681i(a) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

2.  Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4.  Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

5.  Such other and further relief as may be just and proper.

Dated: July 20, 2020

Respectfully submitted,

By:  /s/ *Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Christopher Twumasi-Ankrah

**JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

                                                        /s/ *Sergei Lemberg*
                                                        Sergei Lemberg, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2020, a true and correct copy of the foregoing First Amended Complaint was served electronically via Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                            */s/ Sergei Lemberg*
                            Sergei Lemberg

# EXHIBIT 1



Report completed on May 13, 2018 10:47 PM

| Consumer Report for | Requestor Company | Status |
|---|---|---|
| **Christopher Bosompem Twumasi Ankrah** | **Uber** | Consider |

**California Applicants/Employees Only: The report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report. An investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures, as provided in Section 1786.26.**

**Sólo para los Solicitantes/Empleados de California: En el informe no se garantiza la exactitud o veracidad de la información en cuanto al tema de la investigación, sino sólo que se ha copiado exactamente de los registros públicos, y la información generada como resultado del robo de identidad, incluyendo las pruebas de una actividad delictiva, podría estar incorrectamente asociada con el consumidor que sea el sujeto del informe. Una agencia investigadora de informes de crédito deberá suministrarle a un consumidor que trate de obtener una copia de un informe o solicite revisar un archivo una notificación por escrito en inglés y español lisos y llanos, en la que se establezcan los términos y las condiciones de su derecho a recibir toda la información, como se dispone en la Sección 1786.26.**

## Report Summary

| | | |
|---|---|---|
| SSN Trace | May 13, 2018 | Clear |
| Sex Offender Search | May 13, 2018 | Clear |
| Global Watchlist Search | May 13, 2018 | Clear |
| National Criminal Search | May 13, 2018 | Clear |
| Federal Criminal Search | May 13, 2018 | Clear |
| County Criminal Searches | | Clear |
| Motor Vehicle Report | May 11, 2018 | Consider |



## Report information

Report status  **Consider**

First name
Christopher

Middle name
Bosompem

Last name
Twumasi Ankrah

Date of birth
███████

Phone
███████

Zipcode
████

Email
███████████

Social Security #
XXX-XX-████

Driver license
████████

Previous driver license
-

Geos
cleveland

Custom ID
████████████
████████

Created at
May 10, 2018 4:00 AM

Completed at
May 13, 2018 10:47 PM

## Aliases

CHRISTOPHER TWUMASIANKRA

## SSN Trace
Clear

## Sex Offender Search
Clear

## Global Watchlist Search
Clear

## National Criminal Search
Clear

## Federal Criminal Search
Clear

## County Criminal Searches
Clear

### Cuyahoga, OH
Clear

## Motor Vehicle Report

`Consider`

| | |
|---|---|
| Full Name | CHRISTOPHER BOSOMPEM TWUMASI ANKRAH |
| Current License Status | VALID |
| Current License Type | PERSONAL |
| Current License Class | D |
| Current License Expiration Date | Nov 28, 2018 |
| Current License Issued Date | Jul 28, 2015 |
| Current License Issued Date Inferred | Nov 28, 2015 |
| Current License First Issued Date | - |

### Violations

**MISCELLANEOUS**                                                    Jun 25, 2015

| | |
|---|---|
| ACD Code | - |
| City | SHAKER HEIGHTS MUNICIPAL |
| Conviction Date | Aug 22, 2016 |
| Description | MISCELLANEOUS |
| Docket | 5D04742 |
| Issued Date | Jun 25, 2015 |
| State | OH |

**SPEED**                                                                   May 30, 2015

| | |
|---|---|
| ACD Code | S92 |
| Category | MINOR |
| Conviction Date | Jun 10, 2015 |
| Description | SPEED |
| Docket | 2K544DVHQ4 |
| Issued Date | May 30, 2015 |
| State | NY |

**NON COMPLIANCE SUSPENSION**                                Oct 31, 2014

| | |
|---|---|
| ACD Code | D35 |
| Description | NON COMPLIANCE SUSPENSION |
| Docket | NC14128950 |
| Issued Date | Oct 31, 2014 |
| State | OH |
| State Code | NC |

## Accidents

### ** ACCIDENT **                                        Feb 10, 2017

| | |
|---|---|
| Accident Date | Feb 10, 2017 |
| City | SUMMIT |
| Description | ** ACCIDENT ** |
| Report Number | 76019661 |
| State | OH |

### ** ACCIDENT **                                        Dec 19, 2015

| | |
|---|---|
| Accident Date | Dec 19, 2015 |
| City | CUYAHOGA |
| Description | ** ACCIDENT ** |
| Report Number | 57088925 |
| State | OH |

### ** ACCIDENT **                                        Oct 23, 2015

| | |
|---|---|
| Accident Date | Oct 23, 2015 |
| City | CUYAHOGA |
| Description | ** ACCIDENT ** |
| Report Number | 54030202 |
| State | OH |

## Restrictions

NONE

# Checkr

One Montgomery Street, Suite 2000, San Francisco, CA 94104
applicants.checkr.com - (844) 824-3257

# EXHIBIT 2

Exhibit "B"

# LAKEWOOD MUNICIPAL COURT

Cuyahoga County, Ohio
12650 Detroit Ave
Lakewood, OH 44107

**Patrick Carroll**
Judge

**Terri A ONeill**
Clerk of Court

---

THE STATE OF OHIO
CITY OF LAKEWOOD

vs.

CHRISTOPHER T. ANKRON

JUDGE PATRICK CARROLL

CASE NO    2015TRD06079

CHARGE:    331.13, STARTING &
BACKING VEHICLES/BA,
MM

---

### FINAL & JOURNALIZED (1827)

12/2/2015        Defendant present in court,  defendant waives speedy trial time, entered plea of
not guilty, set for trial on Thursday, February 18, 2016 at 8:15 am.

2/18/2016        Case called for trial.  Defendant in court without counsel.  Witnesses sworn and
evidence presented.  The Court makes a finding of not guilty.

_Patrick Carroll_
Judge Patrick Carroll

---

I, **Terri A ONeill**, Clerk of the Lakewood Municipal court and in whose custody the Files, Journals, and
Records of said Court are required by the laws of the state of Ohio, to be kept, hereby certify that the foregoing
entry or entries was/were copied from Journal No. 2015 Page 1219 of the proceedings of the said Municipal
Court, and that said foregoing entry or entries has/have been compared by me with the original Journal and that
the same is correct.

IN WITNESS WHEREOF, I hereto subscribe my name officially, and affix the seal of said Court, at Lakewood,
this May 14, 2018

THE STATE OF OHIO          )
CUYAHOGA COUNTY       )  ss.
CITY OF LAKEWOOD          )

_Terri A ONeill_, Clerk

By _Dana A Pauler_
Deputy Clerk

---

**Court Phone: (216) 529-6700**                              **Fax: (216) 529-7687**

EXHIBIT 3

## Public Docket Information
### LAKEWOOD POLICE DEPT. vs CHRISTOPHER T ANKRAH
#### Case: 2015TRD06079

Print

| **Date Filed** | **Case Type** | **Judge** | **Balance Owed** |
|---|---|---|---|
| 12/21/15 | Criminal/Traffic | PATRICK CARROLL | $0.00 |

### *Parties*

| Name | Type | Address | Attorney(s) |
|---|---|---|---|
| CHRISTOPHER T ANKRAH | Defendant | 4197 W 20TH APT. 113 CLEVELAND, OH 44109 | |

### *Offenses*

| **Arrest Date** | **Arresting Officer** | **Agency** |
|---|---|---|
| [NA] | TODD ALLEN | LAKEWOOD POLICE DEPT. |

| Code | Description | Date | Finding | Finding Date | Degree |
|---|---|---|---|---|---|
| 331.13 | STARTING & BACKING VEHICLES/BA | 12/19/15 | FOUND NOT GUILTY | 02/18/16 | MM |

### *Tickets*

**CHRISTOPHER T ANKRAH**

Ticket --------------------------------------------------------

**Number**: D213378
**Date**: 12/19/15
**Location**: DETROIT NEAR 18502
**Accident**: Yes
**Speed**: /
*(Posted / Recorded)*

Vehicle --------------------------------------------------------

| | |
|---|---|
| **Plate**: GIB1158 | **Make**: AUDZ |
| **Reg.**: | **Model**: 4D |
| **VIN**: | **Color**: SILVER |
| **Insured**: Y | |
| **Year**: 2008 | |
| **Type**: | |

### *Docket*    (Show All Entries | Show Entries Paged)

Page 1 of 0 (12 items)                                   Navigation:

| Date | Text |
|---|---|
| 12/21/15 | Initial Court Date: 12/28/2015 Initial Court Time: 09:00AM |
| 12/28/15 | Deft present in court, deft waives speedy trial time, entered plea of not guilty, set for trial on Thus 2/18/16 at 8:15am. |
| 12/29/15 | TRIAL DATE scheduled before: Judge: PATRICK CARROLL Assigned. On 02/18/2016 @ 08:15 AM |
| 02/18/16 | Case called for trial. Defendant in court without counsel. Witnesses sworn & evidence presented. The court makes a finding of not guilty. |
| 02/23/16 | Case Sentence Order |
| 02/23/16 | Section: 331.13 - STARTING & BACKING VEHICLES/BA |
| 02/23/16 | Plea: Not Guilty on 12/20/2015 |
| 02/23/16 | Finding: FOUND NOT GUILTY |
| 02/23/16 | Judge PATRICK CARROLL |
| 05/14/18 | 'CERTIFIED COPY OF JOURNAL ENTRY' processed |
| 05/14/18 | Receipt number : 20734143  Date : 05/14/2018  Amount : $20.00 |
| 05/14/18 | Installment receipt printed |

# EXHIBIT 4

Traffic Crash Report - Akron PD - May 14, 2018  03:55:48 PM

Report #T17-000878

Official Copy - Redacted Version  [2162245]

Page 1 of 3



# TRAFFIC CRASH REPORT
## AKRON POLICE DEPARTMENT

I certify that this is an official copy of the original report

Certified by:

## CRASH INFORMATION

| REPORT # T17-000878 | CRASH SEVERITY Unknown | PRIVATE PROPERTY No | HIT/SKIP Unsolved | PHOTOS TAKEN No | # UNITS 2' | UNIT ERROR 2 |
|---|---|---|---|---|---|---|

| NCIC 07701 | DATE OF CRASH 02/10/2017 | TIME OF CRASH 21:25 | DAY OF WEEK Fri | CITY Akron | COUNTY 77 Summit | LATITUDE 41.067957 | LONGITUDE -81.569678 |
|---|---|---|---|---|---|---|---|

## CRASH LOCATION / REFERENCE POINT

| LOC PREFIX S | LOCATION ROAD NAME Hawkins Avenue | DISTRICT 8 | LOCAL INFORMATION |
|---|---|---|---|

| DISTANCE FROM REFERENCE | REF PREFIX | REFERENCE ROAD NAME Diagonal | REF POINT USED 1 - Intersection |
|---|---|---|---|

## [A] MOTORIST / UNIT #1 / 1 OCCUPANT

| DRIVER NAME Christopher B Twumasi-Ankrah | DRIVER ADDRESS ██████ | DOB ██ | AGE ██ | SEX M |
|---|---|---|---|---|

| PHONE # ██████ | DL STATE OH | DL # ████ | INJURIES No Injury | INJURED TAKEN BY Not Transported / Treated at Scene | TRANSPORTED BY |
|---|---|---|---|---|---|

| INJURED TAKEN TO | OWNER NAME Same | OWNER ADDRESS Same | OWNER PHONE # Same |
|---|---|---|---|

| LP STATE OH | LP # ████ | YEAR MAKE MODEL ████ | COLOR ████ | INSURANCE ████ |
|---|---|---|---|---|

## [B] MOTORIST / UNIT #2 / UNIT IN ERROR / 1 OCCUPANT

| DRIVER NAME Unknown | DRIVER ADDRESS | DOB | AGE | SEX U | PHONE # |
|---|---|---|---|---|---|

| DL STATE | DL # | INJURIES Unknown | INJURED TAKEN BY Not Transported / Treated at Scene | TRANSPORTED BY | INJURED TAKEN TO |
|---|---|---|---|---|---|

| OWNER NAME | OWNER ADDRESS | OWNER PHONE # |
|---|---|---|

| LP STATE Unk | LP # | INSURANCE Unknown |
|---|---|---|

## PERSON STATUS/SAFETY

| SEATING POSITION [A] Front-Left [B] Front-Left | SAFETY EQUIPMENT [A] Shoulder and Lap Belt [B] Unknown | AIR BAG [A] Not Deployed [B] Deployment Unknown | SWITCH Unknown |
|---|---|---|---|

| CONDITION [A] Apparently Normal [B] Unknown |
|---|

## UNIT ACTIONS / CRASH CIRCUMSTANCES

| TYPE OF UNIT [A] Mid Size [B] Unknown or Hit/Skip | PRE-CRASH ACTION [A] Slowing/Stopped in Traffic [B] Straight Ahead | DIR FROM/TO [A] N/S [B] N/S | SPEED [A] 0 [B] 20 | DETECTED Stated Estimated |
|---|---|---|---|---|

| POSTED [A] 35 [B] 35 | ACTION [A] Struck [B] Striking | CONTRIBUTING CIRCUMSTANCES [A] None [B] Followed Too Closely / ACDA | TRAFFIC CONTROL [A] Traffic Signal [B] Traffic Signal |
|---|---|---|---|

| STRIKING VEHICLE [A] Not Applicable [B] No Underride or Override |
|---|

**** = denotes redacted information

Traffic Crash Report - Akron PD - May 14, 2018  03:55:48 PM

Official Copy - Redacted Version  [2162245]

Report #T17-000878

Page 2 of 3

## VEHICLE DAMAGE/DEFECTS

| DAMAGE SCALE | DAMAGED AREAS | MOST DAMAGED | IMPACT | VEHICLE AREA KEY |
|---|---|---|---|---|
| [A] Minor<br>[B] Unknown | [A] 06 | [A] 06<br>[B] 99 | [A] 06<br>[B] 99 | 06-Rear Center<br>99-Unknown |

## SEQUENCE OF EVENTS

| [A]<br>1-20 | [B]<br>1-20 | 1ST HARMFUL<br>[A] 1<br>[B] 1 | EVENT KEY<br>20-Collision w/ Motor Vehicle in Transport |
|---|---|---|---|

## ALCOHOL/DRUGS

ALCOHOL/DRUGS SUSPECTED
  [A] Not Suspected
  [B] Unknown

## CRASH SCENE

| TYPE OF INTERSECTION<br>Four-way Intersection | OCCURRENCE<br>On Roadway | ROAD CONTOUR<br>Straight Level | ROAD SURFACE<br>Blacktop, Bituminous, Asphalt | LANES<br>5 |
|---|---|---|---|---|

| ROAD CONDITIONS<br>Dry | LIGHT CONDITIONS<br>Dark - Lighted Roadway | MANNER OF COLLISION<br>Rear-End | WEATHER<br>Cloudy | SCHOOL ZONE RELATED<br>No |
|---|---|---|---|---|

| SCHOOL BUS RELATED<br>Not Involved | WORK ZONE RELATED<br>No |
|---|---|

## NARRATIVE

OFFICER NARRATIVE
Unit #1 was southbound on S Hawkins Av in lane #3.  Unit #1 was stopped at the red light at
Diagonal Rd.  Unit #2 was southbound on Hawkins and struck Unit #1 in the rear.  Unit #2 fled the
scene.  Unit #1 had minor cosmetic damage to the rear bumper.

## POLICE ACTION

| NOTIFIED<br>02/10/2017 21:27 | DISPATCHED<br>02/10/2017 21:36 | ARRIVED<br>02/10/2017 21:49 | CLEARED<br>02/10/2017 22:01 | OTHER<br>20 | TOTAL MINUTES<br>45 |
|---|---|---|---|---|---|

| REPORT FILED<br>02/10/2017 21:57 | STATUS<br>Validated | SIGNED BY<br>McKeel, Jason M | APPROVED BY<br>Vavro, Michael S | REPORT TAKEN AT<br>1 - Scene |
|---|---|---|---|---|

## WITNESS STATEMENT

| WITNESS NAME<br>Christopher B Twumasi-Ankrah | WITNESS ADDRESS<br>████████████████ | PHONE #<br>████████ | SIGNATURE ON FILE<br>Yes |
|---|---|---|---|

WRITTEN STATEMENT
As written on OH-3:

I stopped at the traffic light on south Hawkins Rd when the traffic light turned red. A dark blue
sedan bumped into my rear bumper and turned to the right and sped off. I tried to pursue the car
but it sped off. It happened so fast I couldn't write the number plate or description of the car.

Traffic Crash Report - Akron PD - May 14, 2018  03:55:48 PM

Official Copy - Redacted Version  [2162245]

Report #T17-000878

Page 3 of 3

**DIAGRAM**





**OHIO DEPARTMENT
OF PUBLIC SAFETY**
SAFETY · SERVICE · PROTECTION

**TRAFFIC CRASH WITNESS STATEMENT**

OH-3

| LOCAL REPORT NUMBER | REPORTING AGENCY | DATE OF CRASH |
|---|---|---|
| T-17-878 | AKRON POLICE | M 2 D 10 Y 17 |

**FOR LOCAL USE ONLY – DO NOT SUBMIT TO THE STATE EXCEPT FOR FATAL CRASHES**

I, ___Christopher Twumasi Ampeae___ HEREBY MAKE THIS VOLUNTARY STATEMENT TO
PRINTED

J. McGee 1083 _____ AT ___Hawkens/Dorgonae___
OFFICER'S NAME                                          LOCATION

I stopped at the traffic light on South Hawkings Rd when
the traffic light turned Red. A dark blue sedan bumped into my
rear bumper and turned to the right and speed off. I tried to
pursue the car but it speed off. It happened so fast
I couldn't write the number plate or description of the
car.

| ADDRESS OF WITNESS | | PHONE |
|---|---|---|
| SIGNATURE OF WITNESS | OFFICER'S SIGNATURE | |
| X | X | 1083 |

HSY 7003 4/15 (760-1500)