IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TWUMASI-ANKRAH | ) | CASE NO. 1:19 CV 204 |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CHECKR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion of Defendant Checkr, Inc., ("Checkr") to Dismiss Plaintiff's Second Amended Complaint ("SAC").[1] (ECF #42). For the reasons that follow, Defendant's Motion to Dismiss is denied.

**Factual and Procedural Background**

Plaintiff Christopher Twumasi-Ankrah brings this action against Defendant Checkr, a consumer reporting agency, for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. (See SAC, ECF #41) Plaintiff alleges that he was a driver for Uber and that Uber submitted his name to Defendant and requested that Checkr provide a routine background

---

[1] This Court previously granted Defendant's Motion to Dismiss Plaintiff's Amended Complaint. The Sixth Circuit reversed that ruling and remanded the action for further proceedings. Plaintiff has filed a second amended complaint which Defendant now moves to dismiss.

screening report. (ECF #41, ¶¶ 6,8) Checkr performed the background screening, which included Plaintiff's driving history abstract provided by the Ohio Bureau of Motor Vehicles ("BMV"). The driving history abstract provided by the BMV included three accidents that Plaintiff was allegedly involved in on October 23, 2015, December 19, 2015 and February 17, 2017. As Checkr was allegedly aware, the BMV includes in its driving history abstracts all accidents that a driver was involved in, regardless of fault.(*Id.* ¶¶ 11-12) Checkr did not undertake any further measures to determine whether Plaintiff was at fault in any of the three accidents and furnished a report to Uber that showed Plaintiff was involved in the three accidents without indicating whether he was at fault. (*Id.* ¶¶ 14-15) The report also contained a separate section labeled "Violations" and lists all traffic infractions found on Plaintiff's record. None of the accidents listed have any corresponding traffic violations listed on the report. The violations listed include a miscellaneous traffic violation, a speeding violation and a non-compliance suspension of Plaintiff's license all within four years of the filing of Plaintiff's initial complaint. (*Id.*, Exhibit 1)

Upon receiving the report from Checkr, Uber terminated Plaintiff's contract. Plaintiff alleges that it was reasonable for Uber to assume that if a CRA reports that a driver was involved in an accident, the driver was at fault in that accident and whether a driver was a fault in an accident is material to Uber's decision whether to renew or terminate a driver's contract. (*Id.* ¶¶ 18-19) Thus, Plaintiff asserts upon information and belief that Uber terminated his contract because it interpreted the report to mean that Plaintiff was or may have been at fault in all of the accidents reported. (*Id.* ¶22)

Plaintiff asserts that he was not at fault in at least two of the accidents, the December 19,

2015 and the February 17, 2017 accidents. Plaintiff was found not guilty to the charges against him in the December 19, 2015 accident and was the victim of a hit-and-run in the February 17, 2017 accident. Plaintiff submitted the Court's Order finding him not guilty with respect to the December 2015 accident and the Police Crash Report regarding the February 17, 2017 accident to Checkr to dispute the accuracy of the report that it provided to Uber. In response to Plaintiff's dispute, Checkr responded that the original report was accurate and refused to supplement or amend the report. (*Id.* ¶¶23-28, 31)

Plaintiff alleges Checkr failed to take any steps to determine whether Plaintiff was at fault in any of the accidents listed in the BMV driving abstract and thus failed to verify that all material information regarding the accidents was included in Plaintiff's report before furnishing it to Uber. (*Id.* ¶35) By reporting the accidents without indicating that Plaintiff was not at fault–which can be inferred that Plaintiff was at fault–Plaintiff asserts that Checkr's report was "so misleading as to be inaccurate" and resulted in actual damages to Plaintiff, including loss of employment, wages and harm to reputation as well as emotional distress. (*Id.* ¶37-40)

Based upon these factual allegations, Plaintiff asserts that Defendant violated Sections 1681e(b) and 1681i(a) of the FCRA.

Defendant now moves to dismiss the Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff has filed a brief in opposition and Defendant has filed a reply brief in support.

### Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant

to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000). In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001); *Bowers vo Wynne*, 615 F.3d 455, 470 (6th Cir. 2010)(courts may take judicial notice of "administrative agency policy statements and

filings with those agencies.").

## Discussion

Plaintiff's SAC asserts violations of § 1681e(b) and §1681i(a) of the FCRA. These claims will be addressed in order.

### *A. Section 1681e(b)*

Section 1681e(b) requires CRAs to "follow reasonable procedures to assure maximum possible accuracy of information concerning the individual about whom the report relates." The statute permits an aggrieved consumer to bring suit if a CRA negligently or willfully violates this mandate. *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020) In order to state a claim for a violation § 1681e(b), a plaintiff must plead facts sufficient to establish the following four elements:

> (1) the defendant reported inaccurate information about the plaintiff;
> (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff;
> (3) the plaintiff was injured; and
> (4) the defendant's conduct was the proximate cause of the plaintiff's injury.

*Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020) *citing Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004) (citations omitted.)

In the first round of motions in this case, this Court granted Defendant's motion to dismiss the amended complaint finding that Plaintiff failed to state the first element of its § 1681e(b) claim because Checkr's report was "technically accurate" in that the information contained in the Ohio BMV abstract was accurately reported, even if the information contained

in the abstract could have been more complete.[2] The Sixth Circuit reversed and applied a different accuracy standard holding that information can be inaccurate if a plaintiff alleges that a CRA "reported either 'patently incorrect' information about them or information that was 'misleading in such a way and to such an extent that it [could have been] expected to have an adverse effect [on the consumer]." *Twumasi-Ankrah*, 954 F.3d at 942 *citing Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). Judge Moore, delivering the opinion of the Court, determined that Plaintiff had stated a plausible claim under § 1681e(b) with respect to the inaccuracy element because he alleged: (1) that Checkr told Uber based upon raw data culled from the Ohio BMV, that Plaintiff had been involved in three car accidents in the last three years but did not investigate beyond that; and (2) that Checkr's reporting was misleading because the Ohio BMV keeps a record of all accidents regardless of fault and other public records show that two of the three accidents reported were not Plaintiff's fault; and (3) because Uber assumes that if a CRA reports that a driver was involved in an accident the driver was responsible for the accident, Checkr's reporting led Uber to believe that Plaintiff was a more careless driver than he was; and (4) Uber fired Plaintiff because of this misperception. These allegations, taken as true, plausibly suggest that Checkr reported "misleading' information about Plaintiff that could have been "expected to have an adverse effect" on him. *Id.* at 944.

Judge Kethledge, in his concurring opinion, agreed that Plaintiff had plausibly–albeit barely-- alleged the two things required for his claim: first, that Checkr's report was misleading–that it was not as accurate as it could have been had Checkr followed "reasonable

---

[2] The Court did not reach Defendant's other grounds for dismissal–that Plaintiff failed to plausibly allege that Checkr's verification procedures were unreasonable or that Checkr willfully violated his rights.

procedures" in preparing it, and second, that the report's allegedly misleading character proximately caused Uber to fire Plaintiff. *Id.* at 945.[3]

In dissent, Judge Bush agreed with the standard set forth by the majority but would affirm dismissal because the amended complaint did not plausibly allege that there was misleading information in the report or that the misleading information caused Uber to fire Plaintiff.

In its current motion to dismiss, Checkr asserts that Plaintiff's section 1681e(b) claim should be dismissed because it complied with Section 1681e(b)'s requirement to follow reasonable procedures to assure maximum possible accuracy of the information it reports. Specifically, since Plaintiff did not allege that the Ohio BMV is an unreliable source or that Checkr should not have relied on and reported the information it received from the Ohio BMV, Plaintiff failed to allege any facts to support his claim that Checkr failed to follow reasonable procedures. Checkr contends, despite Plaintiff's allegations that the report it generated was incomplete, and thus misleading, that it did not have an independent duty to obtain or derive more information than what was provided by the Ohio BMV before reporting Plaintiff's accident history. Defendant suggests this argument is bolstered by its contention that the documents provided by Plaintiff to Checkr are inconclusive regarding who was at fault in the accidents. Defendant argues that Plaintiff is essentially making an improper collateral attack on the Ohio BMV's underlying reporting of accident history. Further, Checkr also asserts that Plaintiff's

---

[3] Judge Kethledge's concurrence leaves the resolution of the issues of proximate causation and whether the report's recitation of "accidents' implied that Plaintiff was at fault for them, to summary judgment.

claim fails because it cannot show proximate cause because under Uber's criteria, three minor violations or accidents, regardless of fault, disqualified Plaintiff.

However, as Judge Kethledge acknowledged in his concurring opinion, Plaintiff's allegations plausibly–albeit barely-- alleged the two things required for his section 1681e(b) claim: first, that Checkr's report was misleading–that it was not as accurate as it could have been had Checkr followed "reasonable procedures" in preparing it, and second, that the report's allegedly misleading character proximately caused Uber to fire Plaintiff. *Id.* at 945. That is enough to survive dismissal at this stage. Questions of reasonableness of the procedure and proximate causation–involve questions of fact which the Court cannot properly address at this stage of the proceedings.

B. Section 1681i

Section 1681i imposes the following duty to reinvestigate disputed information:

> If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file ... before the end of the 30–day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

15 U.S.C. § 1681i(a)(1)(A). Plaintiff alleges that he submitted a dispute to Checkr along with documentary evidence showing that he was not at fault in two of the reported accidents. (SAC, ECF #41 ¶ 31 and Exhibits 2,4) In response, Checkr refused to conduct any reinvestigation, merely advising Plaintiff that the original report was accurate. (*Id.* ¶ 36) Having determined that Plaintiff has sufficiently alleged an "inaccuracy" claim under § 1681e(b) after alleging that Checkr's report was misleading and incomplete and caused him harm, Plaintiff has also

-8-

sufficiently plead a reinvestigation claim when he alleged that Checkr failed to reinvestigate after he submitted a notice of dispute along with additional documentation. Defendant asserts that it was not required to obtain additional information as part of a reinvestigation beyond the original source and that Plaintiff's reinvestigation claim also amounts to an improper collateral attack of the Ohio BMV's underlying reporting and that Plaintiff has failed to sufficiently support the causation element of his § 1681i claim. As noted above, these issues give rise to factual issues that cannot be addressed at this point in the litigation.

## C. *Willful violations*

Defendant asserts that Plaintiff has failed to allege sufficient facts that Checkr's conduct was willful. A willful violation of the FCRA requires the plaintiff to allege facts that show that defendant's conduct was "objectively unreasonable." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 69 (2007). Here Plaintiff has alleged the following:

-- Checkr knew that the BMV includes in its driving history abstracts all accidents a driver is involved in without indicating fault, yet failed to clarify in its report that fault was not determined, or make any attempt to determine whether Plaintiff was at fault before issuing its report. (SAC ¶¶ 11-15)

-- whether a driver is at fault in an accident is a material fact that must be included in a report provided by Checkr, thus Checkr's report was so misleading as to be inaccurate. (Id. ¶¶31-33)

– Checkr refused to conduct any reinvestigation after Plaintiff submitted a dispute along with documentary evidence that he was not at fault. (Id. ¶43)

– "the conduct of Checkr, as well as that of its agents, servants and/or employees–who

are well aware of their obligations under the FCRA–was objectively unreasonable, intentional, willful, reckless, and in grossly negligent disregard of federal law." (Id. ¶ 43)

While somewhat sparse, these allegations, liberally reviewed, are sufficient to allege that Checkr knew of its obligations under the FCRA, and knowingly disregarded them, leading to a conclusion that its conduct was objectively unreasonable. *See generally, Smith v. Sterling Infosystems-Ohio, Inc.*, 2016 WL 6092551 at *6 (N.D. Ohio Oct. 19, 2016) As such Plaintiff has sufficiently plead a willful violation of §§ 1681e(b) and 1681i.

## Conclusion

For the reasons stated above, Defendant's Motion to Dismiss the Second Amended Complaint (ECF #42) is denied.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: December 2, 2020